UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEONTAY HARDY (#702823)**                             **CIVIL ACTION**

**VERSUS**                                                              **NO. 24-903-JWD-EWD**

**ERIC BERNARD, ET AL.**

<u>**RULING**</u>

Before the Court is an Objection[1] filed by the *pro se* Plaintiff Deontay Hardy ("Plaintiff") that appears to attempt to explain the nonpayment of the initial partial filing fee in this case, so the Court interprets the letter as a Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e). The Motion will be denied.

Plaintiff has properly brought this Motion pursuant to Federal Rule of Civil Procedure 59(e), as Plaintiff's Motion was filed within 28 days of the final judgment. For a motion to succeed under Rule 59(e), the party must clearly establish a manifest error of law or fact or present newly discovered evidence.[2] A Rule 59(e) motion has a narrow scope and allows a party to either present newly discovered evidence or to correct manifest errors of law or fact.[3] Arguments that could have been raised before the entry of the judgment including rearguing evidence and legal theories are not the purpose of a Rule 59(e) motion.[4] It is not proper to use Rule 59(e) to re-litigate or get "a

---

[1] R. Doc. 13.
[2] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).
[3] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).
[4] *Id.*

second bite of the apple" on previously addressed issues by the parties or the Court.[5] Relief from a judgment, due to its narrow scope, is an extraordinary remedy that should not be used often.[6] On October 14, 2025, the Court dismissed this action as a result of Plaintiff's failure to pay the initial partial filing fee or adequately show cause as to why the fee had not been paid.[7] Plaintiff's Motion is a clear attempt at getting a second bite at the proverbial apple, as he uses the Objection as a second attempt to show cause as to why the initial partial filing fee was not paid.[8] Petitioner again references the withdrawal slip the Court has already considered to demonstrate he "did everything that he was asked."[9] The Court considered the withdrawal slip when dismissing this case and treated the response as a *de facto* request for extension of time, noting "Plaintiff appeared to be working to get the fee paid."[10] The fact that Plaintiff requested the fee be paid does not change the fact that he did not even make the request to pay the fee until over five months after pauper status was granted and after the show cause order was issued, and he did not properly respond to the order to show cause.[11] The purpose of a Rule 59(e) motion is not to allow a plaintiff another chance to litigate his claims.[12] Plaintiff has not shown he is entitled to the extraordinary relief provided by a Rule 59 motion, as there was no error in the Court's opinion dismissing the action, and there is no new evidence to satisfy the show cause previously issued by this Court.[13] Accordingly,

---

[5] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).
[6] *Templet*, 367 F.3d at 479.
[7] R. Docs. 10 & 11.
[8] R. Docs. 13.
[9] R. Doc. 13.
[10] R. Doc. 10, p. 2.
[11] R. Doc. 9-1.
[12] *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).
[13] R. Doc. 6. Additionally, any evidence that could have been previously submitted, but was not, would not be properly considered in connection with a Rule 59 motionOctober 23, 2025.

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment[14] is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 23, 2025.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] R. Doc. 13.